[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15775

_____

D.C. Docket No. 4:11-cr-00020-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL ROEBUCK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 25, 2013)

Before MARTIN and ANDERSON, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

* Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

Randall Roebuck, Jr., appeals his 235-month sentence, at the low end of the applicable guideline range, imposed after a jury found him guilty of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Roebuck argues that the district court erred by including four criminal history points on the basis of two prior convictions that he claims the government failed to prove.  Roebuck challenges the prior convictions described in Paragraphs 31 and 33 of the presentence investigation report ("PSI").  Roebuck contends that, as the government failed to present any evidence at sentencing establishing the convictions that he disputed, the court should not have included the four points when it calculated his criminal history score.  Accordingly, Roebuck argues that his sentence within the court's guideline range was procedurally unreasonable.  After thorough review of the record, and with the benefit of oral argument, we affirm Roebuck's sentence.

**I.**

We review the application of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error.  *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008).  We review the procedural reasonableness of a sentence, including whether the guideline range was properly calculated, for an abuse of discretion.  *United States v. Register*, 678 F.3d 1262, 1266 (11th Cir.

2

2012).  We may affirm on any ground supported by the record.  *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  The party challenging the sentence has the burden of establishing that the sentence was unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Once a defendant objects to a fact contained in the PSI at sentencing, the government bears the burden of proving that disputed fact by a preponderance of the evidence.  *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005); *see also United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) ("It is by now abundantly clear that once a defendant objects to a fact contained in the PSI, the government bears the burden of proving that disputed fact by a preponderance of the evidence.").  The preponderance of evidence is a "relaxed evidentiary standard, however, it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." *Rodriguez*, 398 F.3d at 1296.

3

## II.

At the initial sentencing, Roebuck's counsel indicated to the district court that he had reviewed the judgments and indictments and that "everything I looked at showed that the [PSI] is correct" and that, "notwithstanding Mr. Roebuck's memory," the issue had "been thoroughly checked out as far as I can tell." Doc. 47 at 4, 8-9. Afterwards, Roebuck addressed the district court and personally challenged the PSI's description of his criminal history. Roebuck challenged his convictions as set forth in Paragraphs 25-26 and 28-29 of the PSI, as well as his convictions described in Paragraphs 31 (two counts of resisting an officer without violence) and 33 (trespass of a conveyance). As relevant to the instant appeal, Roebuck argued that he was actually found not guilty of the charges in Paragraphs 31 and 33. Defense counsel specifically responded to the district court's questions regarding the convictions in Paragraphs 31 and 33, stating, with regard to the conviction in Paragraph 33, that "I reviewed the judgment and sentence in that particular case" and "[i]t reflects that Mr. Roebuck went to trial and was found guilty." *Id.* at 5. With regard to the convictions in Paragraph 31, and in response to a specific question from the court, defense counsel responded that he had reviewed the state documents underlying the conviction and that they showed that Roebuck had been convicted of the specific offenses. *Id.* at 6. The district court

4

also spoke with the probation officer in court, who answered "yes" when asked whether the records that she had in court appeared "normal on their face." *Id.* at 10. Although the defense attorney had candidly acknowledged that the PSI accurately reflected the prior convictions as revealed in the underlying state court documents, Roebuck himself had lodged two objections: first, that some of his earlier convictions were convictions under the Youthful Offender Act; and second, that his personal recollection of events was inconsistent with the facts as revealed in the underlying state court documents and reflected in turn in the PSI. Only the latter objection is relevant to the two prior convictions challenged on appeal–i.e., those referred to in Paragraphs 31 and 33 of the PSI. The district court, while noting that the convictions in the PSI were "probably" correct, continued the sentencing proceedings for the next week.

The record reveals that the district court continued sentencing until the next week for two reasons: primarily to confirm the district court's tentative thoughts that Roebuck's assertions–that several of his prior convictions were pursuant to the Youth Offender Act–did not affect the Guideline calculation, but also to allow counsel to talk to the attorneys handling the prior proceedings to demonstrate any error in the underlying state courts documents. At the continued sentencing the following week, the district court resolved both matters which had prompted the

5

continuance of the original sentencing.  The district court verified that neither party had talked to attorneys who handled the prior proceedings, and that neither party had found any evidence to impeach the accuracy of the copies of the underlying state court convictions.  Doc. 48 at 20.  Thus, after resolving the Youthful Offender Act issue,[1] the district court found–with respect to the prior convictions challenged now on appeal, i.e., those referred to in Paragraphs 31 and 33 of the PSI–that the copies of the underlying state court documents which the parties had in hand accurately reflected the fact of those prior convictions, and thus that the PSI was accurate in this regard.  The district court held:  "The last time there were some questions raised about the other convictions [in Paragraphs 31 and 33].  But, again, the documentation is what was relied upon in the presentence report, and there's been no evidence suggesting that it's not an accurate description of what actually happened in state court."  Doc. 48 at 16.  The addition of the prior convictions from Paragraphs 31 and 33 resulted in four criminal history points being added to Roebuck's sentencing guideline range.

### III.

The district court did not err by including the four contested criminal history points because the government met its burden of proving the fact of conviction by

---

[1]    As noted above, the Youthful Offender Act is not relevant to this appeal.

a preponderance of the evidence.[2]  The only relevant objection asserted by Roebuck was that the PSI and the underlying state court documents did not accurately reflect his actual convictions.  Roebuck never asserted that the PSI did not accurately reflect the copies of the underlying state court convictions.  It was undisputed at sentencing that the PSI accurately reflected what the copies of the underlying state court convictions said.  Defense counsel affirmatively and repeatedly represented that he had personally reviewed those copies and that the PSI accurately reflected their content.  Doc. 47 at 6 (with respect to the prior conviction in Paragraph 31); Doc. 47 at 5 (with respect to the prior conviction in Paragraph 33).  The probation officer corroborated same.  Doc. 47 at 10.  The probation officer had those copies there in the courtroom at the time.  Doc. 47 at 6.  This was never challenged by Roebuck personally.

In *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999), the district court relied on an on-the-record colloquy with a substitute probation officer who was reporting on the findings of the absent probation officer who verified the prior convictions and prepared the PSI.  The substitute officer was speaking based on notes left by the absent probation officer.  Although this Court noted that "the best approach would always be to produce a certified copy of the

---

2       For the same reason, Roebuck's sentence is not procedurally unreasonable.

7

conviction," we held that this is not necessarily required when the evidence "taken together" is "sufficiently reliable to support the court's finding." *See id.* We held that "the sources the district court relied upon—the PSI, the on-the-record statements of a probation officer, and the notes of another probation officer—when taken together, were sufficiently reliable to support the court's finding." *Id.*

We emphasize that when a defendant disputes a fact at sentencing, the government must establish that fact by a preponderance of the evidence. *Rodriguez*, 398 F.3d at 1296. Here, the above mentioned evidence, including defense counsel's statements that the PSI was accurate, the fact that the probation officer had access to these conviction records in court and stated that they appeared normal on their face, and the fact these conviction records indicated that Roebuck had been convicted of these offenses, is "sufficiently reliable" to support the court's finding that Roebuck had been convicted of these crimes. *See Wilson*, 183 F.3d at 1301. Both the defense counsel and the probation officer—acting in their capacities as officers of the court—represented to the court that they had reviewed the relevant documentation and that it supported the information contained in the PSI. It was undisputed that the underlying state court documents reflected that Roebuck had been convicted of these crimes, and Roebuck did not

8

object to this fact.  Moreover, the district court made a specific finding that the PSI accurately reflected the underlying convictions.  Accordingly, the government met its burden of establishing that Roebuck was convicted of these past crimes by a preponderance of the evidence.

## IV.

For the foregoing reasons, we affirm Roebuck's sentence.

**AFFIRMED.**